UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ANTHONY JONES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:16-CV-981 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on the motion of Michael Anthony Jones to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed a response.

**I. Background**

Following a jury trial, Jones was found guilty of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count I); possession with intent to distribute and manufacture methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count II); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count III); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count IV); and possession of methamphetamine, in violation of 21 U.S.C. § 844 (Count V). Because of a criminal information filed by the government pursuant to 21 U.S.C. § 851(a)(1), Jones faced enhanced penalties as to Counts II, III and V.

At sentencing, the Court determined that Jones was an armed career criminal under 18 U.S.C. § 924(e)(1) with respect to Count I because of his two felony convictions for burglary second degree, his conviction for burglary first degree and

his conviction assault first degree. His prior convictions also qualified him as a career offender under U.S.S.G. 4B1.1(a) with respect to Counts II and III. Jones was sentenced to concurrent terms of 360 months' imprisonment for Counts I, II, III and V and a statutorily-mandated consecutive 60-month term of imprisonment for Count IV.

**II. Discussion**

In his motion, Jones seeks relief based on *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), in which the Supreme Court held that a prior conviction does not qualify as the generic form of a predicate violent felony listed in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), when the elements of the statute on which the prior conviction is based are broader than the elements of the generic form of the offense. *Mathis*, 136 S,Ct. at 2257. In in its response, the United States concedes that in light of the *Mathis* decision, Jones' second degree burglary convictions do not qualify as generic burglary under the ACCA and that Jones is no longer an armed career criminal. Consequently, the mandatory minimum sentence of 15 years' imprisonment under § 924(e)(1) no longer applies. Instead, the maximum sentence of imprisonment for the felon in possession offense in Count I is ten years. 18 U.S.C. § 924(a)(2). Jones must be re-sentenced on Count I because the 360-month sentence he received exceeds the ten-year statutory maximum for the offense.

Because *Mathis* involved the ACCA, the decision has no application to the sentences of imprisonment Jones received on the remaining counts. As discussed above, Jones was designated a career offender under U.S.S.G. 4B1.1(a) with respect

2

to the drug offenses in Counts II and III. Section 4B1.1(a) provides that a defendant is a career offender if (1) he was at least 18 years old when he committed the offense of conviction; (2) the offense of conviction is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. As relevant here, the term "crime of violence" in U.S.S.G. §4B1.2(a) is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or that is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm as defined in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

In *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the Supreme Court held that the residual clause of the ACCA, which defined "violent felony" as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutional. The decision in *Johnson* is inapplicable in this case, because the Supreme Court has held that the Sentencing Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause and, more specifically, that the "crime of violence" clause of U.S.S.G. 4B1.2(a) is not void for vagueness. *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886, 895 (2017). Further, the sentencing enhancements based of 21 U.S.C. § 851(a) and the minimum consecutive sentence mandated by 18 U.S.C. § 924(c)(1) are unaffected by the *Johnson* decision. Accordingly, Jones is not entitled to be re-sentenced on Counts II through V.

****

For the reasons set forth above, the judgment entered on Count I will be vacated, and Jones will be re-sentenced on that count without application of the ACCA.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Michael Anthony Jones to vacate, set aside, or correct sentence [Doc. # 1] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that a copy of this Memorandum and Order shall be filed in the underlying criminal case, <u>United States v. Michael Anthony Jones</u>, No. 4:07-CR-00439 (CEJ).

An order vacating the judgment on Count I will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of June, 2017.